OPINION of the Court, by
Ch. J. Bibb.
An-action of covenant was prosecuted to judgment by Satterly against Watkins, execution issued, and finally an execution on a replevin bond in the name of Satterly without notice of Walker in any part of the pleadings or process. Walker came into court and made a motion to quash the sheriff’s return on an execution which had issued on the replevin bond : to this motion Watkins objected, but was overruled and the return was quashed, to which he took his bill of exceptions.
As Walker was unknown in any part of the record as a party, the court should not have permitted him to obtrude and meddle with the proceedings. The assignment on the covenant, ought not to have been regarded as making Walker a party to the cause, because that assignment was not declared on or noticed in the pleadings ; for if the assignment from Satterly to another had been stated and admitted, the action could not have been maintained in the name of Satterly, but should have been brought in. the name of the assignee. It seems that Watkins produced a receipt from Satterly in full of the execution, and denied notice of Walker’s claim, and Walker produced the assignment on the covenant, sued on to prove notice, and his right of motion 5 and it also appears that the attorney fer the plaintiff in the action, had directed the execution to be endorsed for the benefit of William Robinson, jun.—With these questions of assignment, payment, notice, &c. the court had nothing to do, upon the motion. Satterly was the only person known in the record as plaintiff, and if he would not make the motion nor suffer his name to be used, no new party could be introduced to assert his claim to. the money by motion to the court. Such a prcceedure would tend in practice to destroy and confuse the due order and harmony of pleadings and remedies by action,. *412 and to substitute therefor uncertainty ^ the mother of ⅛-justice.-Judgment reversed.